**SO ORDERED.**

**SIGNED April 12, 2006.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

IN RE:

DANIEL L. BOPP and  CASE NO. 04-50836
MARYBETH BOPP,

    Debtors  Chapter 13

------------------------------------------------------------------
                        **REASONS FOR DECISION**
------------------------------------------------------------------

Daniel L. and Marybeth Bopp ("Debtors") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code[1] on April 8, 2004 ("Petition Date"), and on that day an order for relief was duly entered. Their Chapter 13 Plan ("Plan") was filed on April 23, 2004, and an Order Confirming Chapter 13 Plan was entered on July 16, 2004.

---

[1]Title 11, United States Code.  References herein to Title 11 are shown as "section ____."

The present dispute is between the Debtors and the holder of the mortgage on their residence, First Fidelity Mortgage, Inc., d/b/a Southern Funding Mortgage ("Southern"), and focuses upon the balance due Southern as the Debtors have sought and received court approval to re-finance that debt. As the amount the Debtors tendered Southern was some $15,000 less than what Southern claimed to be due, the Debtors, on October 7, 2005, filed a **MOTION TO DETERMINE PAYOFF AMOUNT** ("Motion").

An initial hearing on the Motion was held on November 9, 2005. After hearing from counsel, the matter was taken under advisement. The court determined that a full evidentiary hearing was necessary and such hearing was held on March 15, 2006. After hearing the evidence and argument of counsel, the matter was taken under advisement.

The Debtors contend that based upon the proofs of claim and other pleadings filed by Southern, that Southern is somehow estopped from claiming anything more than what is set forth in such documents. While that may well be true in certain cases, the argument fails in the instant case on two major grounds.

First, both proofs of claim, which were filed on May 5 and June 17, 2004, allege a secured claim as of the Petition Date of $27,897.05. The first proof claimed an arrearage of the same amount, while the second proof shows the arrearage at $3,261.44.

Page 2

A summary attached to each proof refers to a promissory note dated January 17, 2003, executed by Mary Beth Leonard Bopp. If the court assumes that the correct balance is as claimed by Southern[2], the Debtors argument assumes that no interest will accrue on the debt.

In addition, the Plan provided for the following treatment of Southern's claim: the arrearage claim of $4,000 was to be paid by the chapter 13 trustee while the Debtors were to make regular monthly payments to Southern on its claim of $34,729.20. As stated, above, the Plan, which was never amended, was confirmed on July 16, 2004. The effect of a confirmation order is provided for in section 1327:

> (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.
>
> (b) Except as otherwise provided in the plan or in the order confirming the plan, the confirmation of a plan vests all of the property of estate in the debtor.
>
> (c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in any debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

---

[2] Interestingly, the Debtors' schedules filed April 23, 2004, list Southern as a creditor holding a secured claim in the amount of $38,729.20. The schedules have never been amended to suggest a lower debt.

The confirmation order, therefore, is *res judicata* on the issue of the amount of Southern's claim on the Petition Date; neither the Debtors nor Southern may re-litigate that issue.

Almost two years elapsed between the Petition Date and the date of the evidentiary hearing. The promissory note provides for interest at the rate of 18% per annum. At that time, if no payments had been made, the interest accrue would have been approximately $9,700, by the court's calculation. This, of course, does not take into account any payments received by Southern subsequent to the Petition Date. There were a few such payments, including a $3,000 payment in July 2005, which the Debtors made pursuant to a negotiated settlement of one of Southern's several motions for relief from stay.

Southern's claim as of the date of the evidentiary hearing was as follows:

```
Principal balance            $27,881.33
Accrued interest               6,998.56
Accrued late fees                345.00
Pre-payment penalty              250.74
Attorney fees                  9,088.12

       TOTAL                 $44,563.75
```

A chapter 13 plan may not modify the rights of the holder of a claim that is secured by real estate which is the debtor's principal residence. Section 1322(b)(2). In the instant case, therefore, Southern is clearly entitled to recover the interest, late fees and pre-payment penalty listed above.

Page 4

The remaining question is Southern's entitlement to recover attorney's fees of $9,088.12. The promissory note provides the following with respect to recovery of attorney fees:

> If [Southern] has required me to pay immediately in full as described above, [Southern] will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

The issue, therefore, is whether the requested fees are reasonable under the circumstances of the case. Southern has submitted the Mr. Reichman's invoice in support of its claim for attorney fees. That invoice, however, includes 13.6 hours incurred prior to July 16, 2004, the date of confirmation. Based upon the *res judicata* effect of the confirmation order discussed above, the court concludes that whatever claim Southern had to attorney fees as of that date was subsumed in the amount of Southern's arrearage claim of $4,000.

Further examination of Mr. Reichman's invoice include other items which the court believes are inappropriate, including billing for travel time at full rate, failure to indicate the nature of numerous telephone calls, and including several items which appear to be clerical in nature. Taking all matters into consideration, the court believes that a fee of $3,500 for services rendered after confirmation would be reasonable.

Counsel for Southern shall, within 15 days of the entry of these reasons, prepare a proposed order in conformity with theses reasons and submit same to the Clerk of the Bankruptcy Court. Counsel for Debtors may file written objections to the proposed order within 10 days of receipt of a copy thereof.

**IT IS SO ORDERED.**

###